IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

In re

RECIPROCAL OF AMERICA (ROA)
SALES PRACTICES LITIGATION

Master File No. 04-MD-1551

This Document Relates to:
Civil Action No. 03-2859
                03-2705

_____

ORDER DENYING MOTION OF GEN RE DEFENDANTS FOR REVISION OF COURT'S
FEBRUARY 27, 2013 ORDER
_____

In an order entered February 27, 2013, this Court denied the motion of the Gen Re Defendants to dismiss the second amended complaint of Plaintiffs Christie Clinic, L.L.C. and Dr. David Herrick (collectively, "Christie"). (D.E. 908.) Before the Court is the Gen Re Defendants' motion for revision of the order, pursuant to LR7.3 of the Local Rules of this district. (D.E. 914.)

The Local Rule provides in pertinent part that "any party may move, pursuant to [Rule 54(b) of the Federal Rules of Civil Procedure], for the revision of any interlocutory order made by that Court . . .[.]"  LR7.3(a).  Such motions must

> specifically show:  (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

LR7.3(b). "Motions to reconsider interlocutory orders are not otherwise permitted." LR7.3(a). The Local Rule cautions that "[n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised."  LR7.3(c).  "Any party or counsel who violates this restriction shall be subject to

appropriate sanctions, including, but not limited to, striking the filing." Id.

Motions to reconsider "are used sparingly and in rare circumstances." McDonald v. City of Memphis, No. 12-2511, 2013 WL 3753628, at *1 (W.D. Tenn. July 15, 2013). "Although a court can grant motions to revise its prior rulings, it should not do so in the vast majority of instances, especially where such motions merely restyle or [rehash] the initial issues." Id. (internal quotation marks omitted). Nor may such motions be "based on legal arguments or evidence that the movant simply failed to raise in the earlier motion." Carbon Processing & Reclamation, LLC v. Valero Mktg. & Supply Co., No. 09-2127-STA, 2012 WL 2791050, at *2 (W.D. Tenn. July 9, 2012).

Invoking subsection (3) of the Local Rule, the Gen Re Defendants argue that the Court (1) failed to address Christie's standing under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* ("RICO") and (2) failed to properly analyze whether Christie adequately alleged causation under the statute. The Gen Re Defendants fail on both counts.

In support of their first assertion, the movants specifically maintain that 18 U.S.C. § 1964(c), which permits suit by "[a]ny person injured in his business or property *by reason of* a violation of" the RICO statute, imposes certain standing requirements on civil RICO plaintiffs and that Christie failed to satisfy those requirements. However, in a motion to dismiss running forty-seven pages, the Gen Re Defendants presented no argument under § 1964(c). Therefore, they have not established "a manifest failure by the Court to consider . . . dispositive legal arguments *that were presented to the Court*" on that issue. *See* id., *supra* (emphasis added).

As to the second proffered basis for revision, the Gen Re Defendants insist that the Court was incorrect in its analysis of the proximate cause issue raised in the motion to dismiss. Because the Court analyzed the issue, the movants can hardly argue that the order should be revised based on a

"manifest failure by the Court to consider" their arguments. Indeed, the instant motion is precisely the type of motion -- one based on assertions already considered and rejected -- prohibited by the Local Rule. *See* Liberty Legal Found. v. Democratic Nat'l Comm., No. 12-2143-STA, 2012 WL 6026496, at *3 (W.D. Tenn. Dec. 4, 2012) (motion for revision based on arguments considered and rejected by the court's original order is the type of motion barred by the Local Rule); *see also* Bailey v. Real Time Staffing Servs., Inc., 927 F. Supp. 2d 490, 508 (W.D. Tenn. 2012) (where arguments raised in plaintiff's motion for revision were merely duplicative of his earlier arguments, they were insufficient to warrant reconsideration of the court's prior ruling, resulting in denial of motion), *aff'd* ___ F. App'x ___, 2013 WL 5811647 (6th Cir. Oct. 29, 2013).[1]

In short, in cases such as this, "where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented in the original motion, the proper vehicle for relief is an appeal." Liberty Legal Found., 2012 WL 6026496, at *3 n.9 (citing Helton v. ACS Group, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). The motion is DENIED.

IT IS SO ORDERED this 7th day of November 2013.

                                                s/ J. DANIEL BREEN
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The bulk of the Gen Re Defendants' argument for revision with respect to the proximate cause issue relies on Trollinger v. Tyson Foods, Inc., 370 F.3d 602 (6th Cir. 2004). Having been decided nearly ten years ago, it cannot be considered an intervening "change of law" for LR7.3 purposes. *See* LR7.3(b)(2).